Sedunova v. City of New York

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# CORRECTED SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of June, two thousand sixteen.

PRESENT: DENNIS JACOBS,
BARRINGTON D. PARKER,
REENA RAGGI,
Circuit Judges.

- - - - - - - - - - - - - - - - - - - - -X

NATASHA SEDUNOVA,
Plaintiff-Appellant,

-v.-                                          15-681

CITY OF NEW YORK, MATTHEW COLLINS,
MICHAEL HOPKINS,
Defendants-Appellees,

CHRIS ANDY GRARY, ANGELA MYERS, JOHN
and JANE DOES 1-10, (the names of
John and Jane doe being fictitious as
the true names are presently
unknown), JOHNE DOE 1-2, JOHN OR JANE
DOE 3-7, CHARLES HYNES, ED PURCE,
Defendants.
- - - - - - - - - - - - - - - - - - - - -X

1

**FOR APPELLANT:**                     J. ANDREW KENT, on the brief,
                                      Lincoln Square Legal Services at
                                      Fordham Law School, New York,
                                      New York.

                                      William J. Harrington, Goodwin
                                      Procter LLP, New York, New York.

**FOR APPELLEES:**                    INGRID R. GUSTAFSON (with
                                      Richard Dearing and Devin Slack
                                      on the  brief), for Zachary W.
                                      Carter, New York City
                                      Corporation Counsel, New York,
                                      New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Johnson, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Plaintiff Natasha Sedunova appeals from the judgment of the United States District Court for the Eastern District of New York (Johnson, J.), dismissing her complaint for failure to state a claim. The complaint alleges, under 42 U.S.C. § 1983, that NYPD detectives Matthew Collins and Michael Hopkins, and seven John Doe defendants (collectively, the "defendants") violated her civil rights, specifically, (1) that she was denied a fair trial because her confession was fabricated, and (2) that the knowing use of fabricated evidence constituted a malicious prosecution.

We review de novo the dismissal of a complaint for failure to state a claim, and we accept all factual allegations as true and draw all reasonable inferences in favor of the plaintiff. N.J. Carpenters Health Fund v. Royal Bank of Scot. Grp., PLC, 709 F.3d 109, 119 (2d Cir. 2013). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

1.   The plaintiff claims that her confession was fabricated because it was produced as the result of coercive interrogation techniques. When a police officer creates false information likely to influence a jury's decision and

2

forwards that information to prosecutors, the accused's constitutional right to a fair trial is violated. See Ricciuti v. N.Y.C. Transit Auth., 124 F.3d 123, 130 (2d Cir. 1997).[1] Failure to administer Miranda warnings alone cannot serve as the basis of a § 1983 action; however, a § 1983 claim may arise if coercion was applied to obtain inculpatory statements, and the statements thereby obtained were used against the plaintiff in a criminal proceeding. Deshawn E. by Charlotte E. v. Safir, 156 F.3d 340, 346 (2d Cir. 1998) (citing Weaver v. Brenner, 40 F.3d 527, 535 (2d Cir. 1994)); see also Jocks v. Tavernier, 316 F.3d 128, 138 (2d Cir. 2003) ("Miranda violations, absent coercion, do not rise to the level of constitutional violations actionable under § 1983.").

A plaintiff alleging coercion must allege more than that police told her she was a suspect, suggested that it would be to her benefit to cooperate, or promised leniency in exchange for cooperation. See United States v. Ruggles, 70 F.3d 262, 265 (2d Cir. 1995). A plaintiff must point to circumstances indicating that she could not make a knowing and voluntary decision. See United States v. Taylor, 745 F.3d 15, 24 (2d Cir. 2014).

The factual allegations in this case, even accepted as true and viewed in the light most favorable to Sedunova, do not amount to coercion sufficient to sustain a § 1983 claim. The salient allegations are that John Does 1 and 2 tried to "convince" her that it would be "better for her" and "good for her" if she confessed to the murder and claimed self-defense, and that she was told that she would be "free to leave" if she confessed. Am. Compl. ¶¶ 32-35. None of the allegations amount to circumstances under which the plaintiff could not make a knowing and voluntary decision.

---

[1] Although Sedunova attempts to plead a fabrication claim, she has not alleged that her confession was forged (she acknowledges that she made the videotaped confession and adopted the written confession), nor has she alleged any other circumstances that lead to a reasonable inference that any defendant knew her confession was false when made. See Ricciuti, 124 F.3d at 129-30. Accordingly, we analyze her claim as one alleging violations of the Fifth Amendment under § 1983.

2.   The complaint also alleges that the knowing use of the fabricated confession constituted a malicious prosecution.  See Jocks, 316 F.3d at 138.  However, as discussed above, the fabrication claim is rejected because the confession was not coerced.  The use of the confession therefore was not the use of fabricated evidence.

For the foregoing reasons, and finding no merit in the plaintiff's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK